IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

**NO. 4:25-CR-00025-FL**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | : |
| **LIFE TOUCH, LLC** | : |
| **BRANDON EUGENE SIMS** | : |

---

# FINAL ORDER OF FORFEITURE AS TO REAL PROPERTY KNOWN AS 229 AMY OVERLOOK

---

WHEREAS, on February 19, 2026, this Court entered a Consent Preliminary Order of Forfeiture [DE 53] based upon the evidence and legal authorities presented by the government and set forth therein, finding that the defendants (or any combination of defendants convicted in the case) had an interest in the below-listed real property that is subject to forfeiture to the United States pursuant to the provisions of 18 U.S.C. § 982(a)(7), subject to notification and adjudication of any third-party interests pursuant to 21 U.S.C. § 853(n), to wit:

Real Property:

a) Real property having the physical address of 229 Amy Overlook, Atlanta, Georgia, including any and all appurtenances and improvements thereto, being titled to Experienced Rentals, LLC, and

legally described in deed book 66622, page 97 of the Fulton County Registry, Georgia, more particularly described as follows:

> All that tract or parcel of land lying and being in Land Lot 159 of the 9F District, Fulton County, Georgia, being Lot 87, Phase II, Champions Park Subdivision, as shown on plat recorded in Plat Book 300, Pages 2-7, Fulton County, Georgia Records, which said plat is being incorporated herein by reference thereto.
>
> PIN: 09F-3900-0176-493-5

(Asset ID No. 24-IRS-000035)

(hereinafter, the "Subject Real Property");

AND WHEREAS, in accordance with Fed. R. Crim. P. 32.2(b)(4)(A), the Consent Preliminary Order of Forfeiture became final as to the defendants upon entry; the defendants were sentenced and judgment was entered on February 19, 2026 [DE 57, 58]; and the judgments incorporated the Preliminary Order of Forfeiture by reference;

AND WHEREAS, the Preliminary Order of Forfeiture was posted on the Subject Real Property by an agent of the **U. S. Department of Treasury, Internal Revenue Service – Criminal Investigations** on March 2, 2026 [DE 72];

AND WHEREAS, the United States filed a Notification of Publication and Third-Party Notice [DE 103] documenting for the record that the government, in accordance with 21 U.S.C. § 853(n)(1), Fed. R. Crim. P. 32.2(b)(6), and Rule G(4) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, has: (1) published notice of the Preliminary Order of Forfeiture and, specifically, the forfeiture of the Subject Real Property, on an official government

internet website (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on February 25, 2026; and (2) sent direct written notice of the Preliminary Order of Forfeiture to all persons who reasonably appeared to be a potential claimant with standing to contest the forfeiture of the Subject Real Property in a forfeiture ancillary proceeding, to wit:

Title Owner

a. Experienced Rentals, LLC

Others

b. Fulton County Tax Commissioner, GA

c. The City of South Fulton, GA

d. Georgia Department of Revenue

e. Grady Memorial Hospital Corporation

AND WHEREAS, the Fulton County Tax Commissioner did not file a petition of interest in the Subject Real Property, but the United States, as a matter of policy, will pay at closing the *pro rata* state or local real property taxes owing through the date of entry of the Final Order of Forfeiture, subordinate to the costs and expenses incurred by the United States for the seizure, maintenance, security, forfeiture, marketing, sale and disposal of such property as provided by 28 U.S.C. § 524(c) and/or 31 U.S.C. § 9705, and all expenses incurred in the sale of the property, which may include commissions, transfer taxes, recording fees, title insurance, surveys, utilities and similar expenses of closing, even though no claim has been received or filed;

AND WHEREAS, it appears from the record that no claims, contested or otherwise, have been filed as to the Subject Real Property within the time prescribed by law, other than those specifically mentioned herein.

NOW, THEREFORE, based upon the foregoing findings and the entire record in this case, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. Pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7), that portion of the Consent Preliminary Order of Forfeiture entered on February 19, 2026 [DE 53] ordering the forfeiture of the Subject Real Property is now final, subject to the following terms, conditions and/or amendments.

2. Pursuant to 21 U.S.C. § 853(c) and/or 18 U.S.C. § 981(f), and except as expressly provided herein, all right, title and interest in the Subject Real Property is hereby forfeited to the United States pursuant to 18 U.S.C. § 982(a)(7) and shall be deemed to have vested in the United States as of the date of the commission of the offense committed by the defendant rendering the property subject to forfeiture.

3. The United States is directed to dispose of the Subject Real Property according to law.

4. Any and all potential claims and/or liens of record with respect to the Subject Real Property, regarding which the holder had actual or constructive notice of forfeiture but which are not specifically recognized herein, are hereby extinguished. This includes, without limitation, the following known potential claimants who were sent direct notice but did not file a timely petition of interest:

Title Owner

a. Experienced Rentals, LLC

Others

b. The City of South Fulton, GA

c. Georgia Department of Revenue

d. Grady Memorial Hospital Corporation.

5. Except as expressly recognized herein, the forfeiture of the Subject Real Property is free and clear of all interests except those specially recognized herein, and no other person or entity shall have any right, title or interest in the Subject Real Property. In accordance with 21 U.S.C. § 853(n)(7), the United States, having clear title to the Subject Real Property, may warrant good title to any purchaser or transferee, subject only to the interests specifically recognized in this Order.

6. Upon the transfer or closing of any sale of the Subject Real Property, the United States shall pay from and up to the Net Proceeds of the sale, as that term is defined below in Paragraph 7, the amounts therein provided. In the event the Net Proceeds are insufficient to pay an amount due to any or all Petitioner(s), then the United States shall pay each Petitioner, in the order of priority set forth below, the available Net Proceeds in full satisfaction of that Petitioner's claim against the Subject Real Property; or the United States may choose to discontinue the forfeiture and release the Subject Real Property, and such discretionary termination of the forfeiture shall not be a basis for any award of fees under 28 U.S.C. § 2465. In no

event will the United States pay any Petitioner an amount in excess of the Net Proceeds of the sale.

7. Net Proceeds are defined as, and shall be determined by, deducting from the gross proceeds of sale the following claims, charges and expenses to be paid upon the closing of the sale of the Subject Property, in the following order of priority, and to the extent that sufficient Net Proceeds are available to pay these amounts:

a. First, all costs and expenses incurred by the United States for the seizure, maintenance, security, forfeiture, marketing, sale and disposal the Property as authorized by 28 U.S.C. § 524(c) and/or 31 U.S.C. § 9705;

b. Second, all expenses incurred in the sale of the property, which may include commissions, transfer taxes, recording fees, title insurance, surveys, utilities and similar expenses of closing;

c. Third, any and all real property taxes and/or assessments due and owing on the Subject Real Property up to the date of entry of a Final Order of Forfeiture or the closing of the sale, whichever is earlier, plus any applicable statutory interest due as of the date of closing of the sale, as a priority lien under applicable State law;

d. Fourth, any amount necessary to redeem the Property from a tax sale;

e. Finally, any remaining balance shall be forfeited to the United States and disposed of according to law.

8. The Clerk of Court is hereby directed to send a certified copy of this Final Order of Forfeiture to the United States Attorney's Office for recording in the land records of the jurisdiction where the Subject Real Property is situated.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, including but not limited to the addition of assets, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the 23rd day of September, 2026.

LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE